UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARY-LYNN WEIMER, )<br>)<br>　　　　　　　Plaintiff )<br>)<br>v. )<br>)<br>COMMISSIONER, SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>　　　　　　　Defendant ) | Civil No. 2:13-cv-458-DBH |

DECISION AND ORDER ON MOTION FOR ATTORNEY FEES
AND MOTION TO EXTEND TIME

In two decisions issued on the same day in 2010, Magistrate Judge Rich placed this District's Social Security bar on notice that, thereafter, plaintiffs' lawyers must file their petitions for attorney fees on a timely basis in accordance with Local Rule 54.2.  See Reer v. Astrue, Civil No. 08-21-P-S, 2010 WL 2927255 (D. Me. July 20, 2010); Richardson v. Astrue, Civil No. 07-62-P-H, 2010 WL 2927269 (D. Me. July 20, 2010).  Local Rule 54.2 provides that an application for fees in a Social Security appeal that results in a remand to the Commissioner "shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes *both that there are past due benefits and the amount thereof*" (emphasis added).  In 2012, Magistrate Judge Rich ruled that the 30 days begins to run only upon a "final notice" from the Commissioner. Cordice v. Astrue, No. 1:09-cv-254-JAW, 2012 WL 243089 (D. Me. Jan. 24, 2012).  (The issue in Cordice was whether the plaintiff's lawyer could file his

application for fees upon receipt of an "interim" notice of award, *i.e.*, before the final notice of award, and Judge Rich ruled that he could not. Id.)

In this case, on October 6, 2015, upon remand from this court after appeal, the Commissioner issued a Notice of Award to the plaintiff informing her of her benefit award, including past due benefits. Ex. 1 to Mot. for Att'y Fees at 1 (ECF No. 22). On January 13, 2016, (without any further proceedings so far as the record discloses), the Commissioner issued a Notice of Award to the plaintiff's sole dependent, her minor son, informing him of his benefit award, including past due benefits. Id. at 7. The plaintiff had entered into a fee agreement with her lawyer that provided: "Client agrees to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents' benefits, subject to the approval of said fee by the court." Ex. 2 to Mot. for Att'y Fees at 2. On January 21, 2016, the plaintiff's lawyer filed his motion for award of fees, seeking 25% of the combined awards. The Commissioner objected, arguing that each award was a final notice of award and started the 30-day time limit for requesting fees measured by that particular award.[1] Resp. at 3-5 (ECF No. 23). Therefore, according to the Commissioner, the motion for fees was timely only as to the award of dependent's benefits and must be limited to 25% of that much smaller amount. Id. at 5. The plaintiff responded by disagreeing with the Commissioner's reading of the Local Rule and

---

[1] The Commissioner has recognized that the Commissioner has "no direct stake" in the controversy inasmuch as the fees will come out of the plaintiff's award, but has opposed the plaintiff's motion "in order to facilitate the proper administration of the attorney's fees provisions contained in Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). Resp. at 1 (ECF No. 23). Magistrate Judge Rich approved this role in Reer and Richardson. Reer v. Astrue, Civil No. 08-21-P-S, 2010 WL 2927255 at *2 (D. Me. July 20, 2010); Richardson v. Astrue, Civil No. 07-62-P-H, 2010 WL 2927269 at *2 (D. Me. July 20, 2010).

the cases and, in the alternative, moved for a *nunc pro tunc* extension of time to file the fee request. Reply at 2-4 (ECF No. 24). The Commissioner opposed the requested extension of time. (ECF No. 26).

As Magistrate Judge Rich observed in Cordice:

> There is no apparent reason to require piecemeal and repeated awards of attorney fees in Social Security cases involving past-due benefits. Everyone involved, including the court, will be best served by a single such motion to be brought after a final payment amount has been determined by the defendant.

Cordice, 2012 WL 243089 at *1. It appears that the award of the dependent's benefits here flowed directly from the award to the plaintiff. See Ex. 1 to Mot. for Att'y Fees at 7.[2] The record in the original appeal reveals only a single application (it included the information that the plaintiff had a minor son), R. at 141-47 (ECF No. 9), and no separate application for the dependent. (The parties have furnished no record of what happened upon the remand except the two Notices of Award.) Following Magistrate Judge Rich's sensible observation in Cordice, I conclude that nothing is gained by requiring separate fee applications in a case like this.[3] The fee agreement provided for a calculation of fees based upon both awards, and that is the sensible way to assess the reasonableness of the fees requested. Separating the dependent's award for an independent fee-

---

[2] There would first be a calculation whether the plaintiff's family maximum constituted a sufficient sum to allow for benefits to both the primary plaintiff and the dependent. See 42 U.S.C. § 402(d); 20 C.F.R. §§ 404.315, 404.403. There was also a determination how long the dependent would be eligible. Ex. 1 to Mot. for Att'y Fees at 7 (ECF No. 22).

[3] The plaintiff's lawyer says that from time to time, before Cordice, his practice was to file an initial application after the primary award and then move to stay the application until after the dependent award. Reply at 2 (ECF No. 24). Nothing is gained by such a procedure.

reasonableness assessment makes little sense, inasmuch as there seems to be no separate attorney effort on that part of the appeal.

I conclude that Local Rule 54.2's provision that the 30-day limit runs from a notice that establishes "both that there are past due benefits *and the amount thereof*" (emphasis added) should be read as referring to the total award issued on a particular disability.[4]  As a result, the motion here was timely, and I **GRANT** the motion for fees.  No action is necessary on the motion for extension of time.

The Commissioner does not challenge the reasonableness of the requested fee amount in this case.  Accordingly, the parties shall prepare the customary order that the court enters in a case such as this when fees are approved, and providing for refund of any Equal Access to Justice Act fees that the plaintiff has received.

**SO ORDERED.**

**DATED THIS 18TH DAY OF MARCH, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] Reer is not to the contrary.  In that case, the motion for fees was untimely as to both awards and the plaintiff's lawyer agreed that his application was untimely.  Reer, 2010 WL 2927255 at *1.

4